# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SOLIS-CRUZ, Minors.

UNPUBLISHED
July 14, 2015

No. 325559
Ingham Circuit Court
Family Division
LC Nos. 13-002083-NA
            13-002084-NA
            13-002085-NA
            13-002086-NA

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to her four minor children under MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). Because we conclude there were no errors warranting relief, we affirm.

Respondent argues that the trial court erred when it found that the Department of Health and Human Services had established a statutory ground for termination by clear and convincing evidence. This Court reviews for clear error a trial court's finding that a ground for termination has been proved by clear and convincing evidence. *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 296-297.

The trial court found that the Department established three separate grounds for terminating respondent's parental rights: MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). Under MCL 712A.19b(3)(c)(*i*), the trial court may terminate a parent's parental rights if the parent "was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and" it finds by clear and convincing evidence that the "conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age."

The record amply supports the trial court's conclusion that respondent's mental health issues continued to be a significant barrier to reunification. After missing two scheduled psychological evaluations, respondent was finally evaluated. However, she did not follow through with the recommended treatment. Instead, she left Michigan and travelled to Nevada,

-1-

which is where, she stated, she first learned that she was again pregnant. While in Nevada, respondent suffered panic attacks and suicidal ideation that required hospitalization. Her current caseworker noted that she received only one report from respondent's psychiatrist in Nevada, which indicated that respondent was on Zoloft for depression, had no plans for the arrival of her newborn, and suffered from decreased energy. The trial court did not clearly err when it found that respondent's mental health issues continued to exist and that there was no reasonable likelihood that the issues would be rectified within a reasonable time considering the children's ages.

A trial court may also terminate a parent's parental rights if it finds by clear and convincing evidence that the parent, "without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g). Here, there was evidence that respondent's mental health and care-giving skills were still an issue after being provided with numerous services. Respondent admitted that she was unemployed and had no housing. She was also unsure about when she would have the finances to return to Michigan. She further conceded that if the court placed the children with her, she would be unable to care for them. When the court asked how long it would take her to find a job and housing, respondent thought it would take six months after returning to Michigan, which she is hoping to do within the next couple of months. When asked whether she was medically capable of working, respondent equivocated: "I think I feel better enough to go back to work."

Given the evidence, the trial court did not clearly err when it found that respondent failed to provide proper care and custody and that there was no reasonable expectation that she could provide care and custody in a reasonable time considering the children's ages. The evidence shows that her mental health, employment, and housing issues remain unresolved. She provided no concrete plan for resolving them. Indeed, what plans she had were nothing more than aspirational.

Finally, a court may terminate a parent's parental rights if it finds by clear and convincing evidence that there "is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." MCL 712A.19b(3)(j). On appeal, respondent cites her testimony that new medication is helping her feel better, and she has her diabetic neuropathy under control. However, it is clear from the record that her mental stability is an ongoing issue. Respondent also failed to comply with other remedial services. With regard to the parenting classes that respondent actually attended, the caseworker testified that respondent did not benefit from them: she would just "zone out" during parenting. This inattention to her children is particularly troubling in light of the fact that she had previously, apparently inadvertently, left her then weeks-old baby unattended in a van for 45 minutes on a hot summer day. Moreover, the record shows that respondent's children were living in deplorable, condemned home before being placed in the Department's care. At the time, respondent stated that she was overwhelmed and could not care for her children. And the record shows that respondent's ability to provide a safe home and proper care has not improved.

The trial court did not clearly err when it found that there was a reasonable likelihood that the children would be harmed if returned to respondent's care.

Respondent also argues that the trial court erred when it found that termination was in the children's best interests. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012); MCL 712A.19b(5). When considering whether termination of parental rights is in the child's best interest, the court may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted).

Respondent emphasizes that the trial court found that there was a bond between her and the children. However, the trial court also found that respondent's bond with her children was weak because her mental health issues prevented her from maintaining the bond. The court's findings in this respect were bolstered by the testimony of a caseworker that respondent would "zone out" during parenting time and that it was not always noticeable that she returned the children's love and affection. The court also found that respondent's extended stay in Nevada prevented her from working on her case-service plan and from reestablishing parenting time. Respondent argues that she could work on the case plan because she began seeing a psychiatrist in Nevada. Her case-service plan here in Michigan called for her to make additional strides toward reunification. Moreover, she only provided one report from the Nevada therapist. This does not establish determined and ongoing efforts to address her mental-health issues. Further, her decision to travel to Nevada and her hospitalization there kept her away from parenting time with her children.

Given the evidence that respondent has been unwilling or unable to redress the issues that prevented her reunification with the children and that the children were at risk in her care, we cannot conclude that the trial court clearly erred when it found that termination was in the children's best interests.

There were no errors warranting relief.

Affirmed.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly